HON. SYLVIA HINDS-RADIX                       Hearing Date:  05/16/2023 @ 2:00 p.m.
Corporation Counsel of the City of New York
Attorney for the City of New York and Its Agencies
100 Church Street, Room 5-223
New York, New York 10007
(212) 356-2134
By: Hugh Shull (HS-0236), Ass't Corp. Counsel
hughs@law.nyc.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:

DUNBAR PARTNERS BSD LLC,

Debtor
---------------------------------------------------------x

                                                           Chapter 11
                                                           Case No. 23-40575 (NHL)

### THE NEW YORK CITY DEPARTMENT OF FINANCE'S OBJECTION TO PLAN OF REORGANIZATION WITH RESPECT TO, *INTER ALIA*, THE STAMP TAX EXEMPTION UNDER 11 U.S.C. § 1146(a) AND TAX AVOIDANCE UNDER 1129(d)

        The New York City Department of Finance ("DOF), a party in interest herein, by its counsel, Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, hereby submits this Objection to Debtors' Amended Plan of Reorganization [Dkt. No. 32] (as modified, amended or supplemented from time to time, the "Plan") with respect to the proposed stamp tax exemption under 11 U.S.C. § 1146(a) and tax avoidance under 1129(d).

### Preliminary Statement

        1.    The stamp or similar tax exemption in section 5.4 of the Plan is too broad, and further should not apply to a transfer taxes and mortgage recording taxes on sale of property to the Debtor or assignment of the contract of sale and sale to a 3rd party under Bankruptcy Code section 1146(a).

## Argument

2. The Plan's provisions for stamp or similar tax exemptions under 1146(a) should tot apply with respect to the proposed assignment of the contract of sale and purchase of the non-debtor property by a non-debtor.

3. The stamp or similar tax exemption only applies to transfers under a plan confirmed, which the Supreme Court has held means that the transfers must be under or part of a confirmed plan, and only applies to post-confirmation transfers. See In re Florida Dep't of Revenue v. Picadilly Cafeteria, Inc., 128 S. Ct. 2326, 2338, 171 L.Ed2d 203, 219 (2008)(pre-confirmation transfers not entitled to exemption, which must be narrowly construed and read in conjunction with other code provisions).

4. Herein, the Debtor is not selling its own property. Instead it is assigning its rights under a contract of sale to purchase property to another non-debtor entity which is purchasing non-debtor property. DOF submits this is not the spirit of section 1146, which is to allow exemption from a stamp or similar tax (usually a small fixed sum) for an exchange of a security or an instrument of transfer of a debtor's property. Further, the DOF submits that the principal purpose of the Plan is tax avoidance under 1129(d) of the Bankruptcy Code.

5. While prior case law has held that the New York City real property transfer tax was a stamp tax in the meaning of predecessor section 1146(c), DOF argues that the tax does not meet the definition under In re 995 Fifth Ave. Assocs., L.P., 963 F.2d 503, 510 (2nd Cir. 1992), cert denied 506 U.S. 947, 113 S. Ct. 395, 121 L.Ed.2d 302 (1992). Therein, the Second Circuit held that the debtor was not entitled to a tax exemption from a "gains tax" because it was not a "stamp or similar tax" within the meaning of that section. The Second Circuit held that such tax had to have certain attributes which a "gains tax did not, stating as follows:

> "In sum, we believe that all stamp or similar taxes as state in 11 U.S.C. sec 1146(c) share the following common elements: (1) they are imposed only at the time of transfer or sale of the item at issue; (2) the amount due is determined by the consideration for, par value of, or value of the item being transferred; (3) the tax rate is a relatively small percentage of the consideration, par value or value of the property; (4) the tax is imposed irrespective of whether the transaction the transferor enjoyed a gain or suffered a loss on the underlying sale or transfer; and (5) in the case of state documentary transfer taxes, the tax must be paid as a prerequisite to recording."

Id. 963 F.2d at 512.

6.  While that case was with respect to gains tax, the transfers taxes no longer appear to fit the criteria listed either.

7.  The City's real property transfer tax is 2.625% for transfers of real property over $500,000 such as that contemplated herein under City Administrative Code section 11-2102(a)(9)(ii). The State transfer tax is 4% for non-residential real property under Article 31 section 1401. Moreover, the State transfer tax form TP-584-1 indicates that for non-residential real property located in the City of New York, an additional base tax of 2.5% is owed (see Article 31 of NY State Tax Law section 1402(a)). So for a transaction such as that contemplated here, total state and city taxes on the transfer are 9.125%. This is not a "relatively small percentage" or a mere "documentary" transfer tax as a prerequisite to recording. On a transfer for $86 million under the plan it amounts to $7,847,500.00, a significant hit to the tax base of the City and State, on the transfer taxes lone, not to mention mortgage recording taxes also sought to be avoided.

8.  Just with respect to the City transfer tax on transfers of non-residential real property the transfer tax is 2.625%, which is $2,257,000 on the proposed transfer for $86 million. The tax is also not imposed merely as a state documentary transfer tax as a prerequisite of recording. It is owed whether a deed is recorded or not.

9. Further, the City mortgage recording tax is 1.425% on new money mortgage recording (excluding the .5% tax imposed by the State of New York) would be $1,225,500 on a mortgage for $86 million. New York City Administrative Code 11-2601et seq.

10. But regardless of whether 1146(a) might exempt transfer taxes on the sale of property by a debtor under a plan confirmed, DOF submits it shouldn't apply where the property would be sold by a non-debtor and the ultimate purchaser is also a non-debtor as proposed under the debtor's Plan.

11. Herein, the property is the real property and improvements located at 2802 Frederick Douglass Boulevard, New York, New York, Block 2035 Lot 1. The Debtor entered into a contract of sale with the non-debtor owner to purchase the property prior to the bankruptcy. The debtor filed bankruptcy on February 21, 2023 putatively to extend the time to close on the contract. The debtor and seller now have agreed to a reduction in price, and assignment of the purchase rights to an assignee, with the sale being ostensibly a two step transaction with the non-debtor purchaser ending up owning the property. This is in essence a sale between 2 non-debtors.

12. It has been held that mortgage recording taxes are exempt only for debtor refinancing under a plan confirmed, not for a purchaser's mortgage financing for purchases from a debtor's estate. See In re Amsterdam Ave. Dev. Associates, 103 B.R. 454 (Bankr. S.D.N.Y. 1989).

13. In Amsterdam Avenue, the court concluded that the mortgage obtained by the purchaser was not exempt from mortgage recording tax. Id. Amsterdam Avenue carefully reviewed Second Circuit precedent, the legislative history of then section 1146(c) and the United States Supreme Court's warning in California State Bd. of Equalization v. Sierra Summit, Inc.,

490 U.S. 844, 109 S. Ct. 2228, 2234, 104 L.Ed. 2d 910 (1989) that "[a] court must proceed carefully when asked to recognize an exemption from state taxation that Congress has not clearly expressed"; see In re Florida Dep't of Revenue v. Picadilly Cafeteria, Inc., 128 S. Ct. 2326, 2338, 171 L.Ed2d 203, 219 (2008) (citing Sierra Summit).

14. The Amsterdam court stated: "Like the Sierra Summit Court we find 'nothing in the plain language of the statute, its legislative history, or the structure of the Bankruptcy Code [to] indicate that Congress intended to exclude taxes' paid by a second party purchaser of estate property for recording a mortgage granted to a third party bank". 103 B.R. at 459, citing Sierra Summit, 109 S. Ct. at 2235. The Amsterdam court distinguished cases involving "only a mortgage given by a debtor", such as City of New York v. Baldwin League of Indep. Schools (In re Baldwin League of Indep. Schools), 103 B.R. 454 (Bankr. S.D.N.Y. 1990), and after applying the precept that "one section of an integrated statute is to be construed in light of other sections" (citing Blue Chip Stamps v. Manor Drug Stores, Inc., 421 U.S. 723 (1975)) concluded that "a grant of a mortgage lien by a non-debtor to a bank in consideration of a loan is not a transfer under a Chapter 11 plan". Id. at 460. The Court found "significantly missing from [the list of subjects Congress addressed in a Chapter 11 plan] any indication that Congress intended that a transfer between non-debtors to be subject of a plan." Id.

15. The Amsterdam court also raised jurisdictional concerns, because the notion of a "transfer under a plan" connotes a transfer over which the bankruptcy courts have jurisdiction and "bankruptcy courts lack subject matter jurisdiction over a proceeding seeking to determine the validity of tax liens on property of non-debtors even though that property is to be contributed to a debtor in order to fund its plan", Id. at 460, citing Holland Indus., Inc. v. United States of

America (In re Holland Indus., Inc.), 103 B.R. 461, slip op. at 17, 18 (Bankr. S.D.N.Y.1989).

Amsterdam denied the mortgage recording tax exemption concluding:

"there is no evidence that Congress intended, or that section 1146(c) is to be construed, to provide an exemption from state and local mortgage taxes on a mortgage given by a purchaser to a bank in order to fund a purchase of estate property from a Chapter 11 debtor. Absent any indication by Congress that it so intended, and in light of the indicia drawn from section 1123 and the jurisdiction cases noted above, such a mortgage, although necessary to fund a purchase price payable to the Debtor, and hence a plan, simply can not be construed to be an instrument of transfer under a confirmed plan."

Id. at 461.  Accord, In re Kerner Printing Co., 188 B.R. 121 (Bankr. S.D.N.Y. 1995) (denying real property transfer tax exemption to a transfer of property among non-debtors); Mensh v. Eastern Stainless Corp., (In re Eastmet Corp.), 907 F.2d 1487 (4th Cir. 1990) (reversing the lower court's ruling that the non-debtor's deed of trust was exempt, even though the bankruptcy court had determined that the deed of trust was 'part of the same transaction' by which the non-debtor had acquired property from the debtor.)

16.    Generally speaking, DOF submits that whatever exemption is sought should be limited to the plain language of the 1146(a) statute.  While a real property transfer tax may be subject to the definition, it is also clear that certain items, such as gains taxes (see In re 995 Fifth Ave. Assoc. LP, 963 F.2d. 503 (2nd Cir 1992)), sales and use taxes, or a mortgage recording tax for a purchaser's new mortgage (Amsterdam Avenue, *supra*) are not subject to the exemption, and the exemption mist be narrowly construed.   In re Picadilly, *supra*.

17.    Here, DOF submits that the essence of the transaction is a sale by a non-debtor to a non-debtor.  It is submitted that such a transaction should not be exempt from the City transfer tax or the mortgage recording tax to the extent otherwise owed under applicable law.  In re Kerner held that transfers between non-debtors are not exempt from transfers taxes under sec. 1146.  In re Kerner Printing Co. 188 BR 121 (Bankr. SDNY 1995).  While therein it was not argued that the sale of condominium units to the debtor, and from the debtor, were not exempt,

transfers from the non-debtor to a further entity were not entitled to the exemption since they were transfers between non-debtors.  Here, however, DOF submits that no true reorganizational purpose is served by granting the exemption to what is in substance a transfer of property from a non-debtor to a non-debtor..  The benefit of the exemption dwarfs any distribution to creditors

18.     Further, the seller or grantor cannot be exempted from the tax, regardless of whatever contractual arrangements are made between the parties, since both are jointly liable for the transfer tax under the statute.  If it isn't paid by the buyer the seller must pay it, and to the extent paid by the buyer it is added to the consideration paid and also taxed.

19.     DOF also submits that the court should not confirm the plan because its principal purpose is tax avoidance.  11 USC sec. 1129(d).  See In re South Beach Securities, Inc., 421 B.R. 456 (N.D. Ill 2009).  Therein the debtor had indicated in the disclosure statement that the purpose of the bankruptcy was to utilize tax losses under the plan.  The bankruptcy court denied confirmation and dismissed the case.  The District Court upheld.  The 7th Circuit upheld, but on the slightly different theory that the case was filed in bad faith to utilize tax losses for a solvent debtor.

20.     Here, while the Debtor states that it needed an extension of time to file to close on the transaction, it also indicated that the seller had not been ready to close.  Having obtained an extension under 11 USC 108, the debtor has now agreed to a further extension, is in essence assigning its right to buy to a 3rd party, reduced the purchase price and attempts to use 1146 to exempt it the transaction from the substantial transfer taxes and mortgage recording taxes.

21.     While the government bears the burden of showing the principal purpose of a plan is tax avoidance, DOF submits that is plain on its face, unless the Court denies the exemption and the debtor, seller, and buyer go through with the plan anyway, as is allowed under the plan

(if the exemption is denied the debtor has reserved the right to withdraw the plan, which indicates that is the purpose of the plan). Further, the Debtor bears the burden of proving the plan is proposed in good faith, and indicating where money being distributed under the plan and through the contemplated transactions. The debtor must indicate who is getting paid what, both creditors of the debtor and other parties. An establish if there is any relationship between the debtor and its principals and those of the seller and the buyer and the mortgagee. The total tax exemptions of state and local transfer and recording taxes may be up to over 11% and that is more than the reduction in the purchase costs under the original contract of sale. DOF shouldn't bear the burden of losing all transfer taxes merely because the Debtor found it did not want to close after mortgage rates increased after it entered into a contract of sale, or for whatever reason.

22. The City also submits that the government bar date has not expired. Moreover, there are over $1.3 million in past due water charges. While the property is not owned by the Debtor, yet, those charges must be paid as part of any transaction. Further, any other City liens must be paid. The Debtor may also owe taxes, transfer, income, gain or otherwise, in connection with the proposed transaction.

Wherefore, for all of the reasons set forth above, the City requests that the Court not confirm the Plan, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
     May 15, 2023
                         HON. SYLVIA HINDS-RADIX
                         Corporation Counsel of the City of New York
                         Attorney for the NYC Department of Finance
                         By:   /s/ Hugh H. Shull
                                Hugh H. Shull, Ass't Corp Counsel
                                100 Church Street, Room 5-233
                                New York, New York 10007
                                Tel. (212) 356-2138
                                hughs@law.nyc.gov